FILED
LODGED
ENTERED
RECEIVED

APR 02 2014   PM

CLERK U.S.
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

SEA 42893 NO ISS.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYLE WATERMAN, on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiff/Relator<br><br>v.<br><br>DYNCORP INTERNATIONAL, INC., a Virginia corporation, DYNCORP INTERNATIONAL FZ-LLC, a Dubai corporation, and WORLDWIDE RECRUITING & STAFFING SERVICES LLC, a wholly-owned subsidiary,<br><br>Defendants. | Case No. CV14-480 JLR<br><br>COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT, VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, AND FOR WRONGFUL WITHHOLDING OF WAGES<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED IN CAMERA AND UNDER SEAL (AS REQUIRED BY 31 U.S.C. § 3730(b)(2))** |



14-CV-00480-CMP

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

RELATOR KYLE WATERMAN brings this qui tam action in the name of United States of America, by and through his undersigned attorneys, Mathew L. Harrington and Theresa H. Wang of Stokes Lawrence, P.S., and alleges as follows.

## INTRODUCTION

1. This action is based upon continuing attempts by DynCorp International, Inc., DynCorp International FZ-LLC, and Worldwide Recruiting & Staffing Services LLC ("Defendants") to present false claims in violation of the Federal False Claims Act, 31 USC §§ 3729 and 3730, and the common law, related to a contract to provide services in Afghanistan.

2. Defendants have presented false claims for payment to the United States of America by charging the government for reimbursement of employee travel expenses which were also charged to or paid by the employees themselves.

3. Defendants also presented false claims by improperly charging the government for meals while allowing employees to take leave without pay while remaining in base camp in Afghanistan, and by failing to comply with the requirements of 5 USC § 5925 providing for post differential pay for workers deployed to a foreign country, and for failing to comply with 5 U.S.C. § 5928 providing for danger pay.

4. Defendants also violated the Trafficking Victims Protection Reauthorization Act, 18 USC §§ 1589 and 1590, by luring Plaintiff to Afghanistan by making false promises of employment terms that were withdrawn and replaced by less favorable terms upon Plaintiff's arrival in Afghanistan. Defendants recruited and transported Plaintiff for the goal of holding him in debt bondage. Defendants also unlawfully exploited Plaintiff's debt for travel expenses which Plaintiff assumed were included in the terms of employment.

5. Defendants also have unfairly withheld wages in violation of the Washington Wage Withholding Statute, RCW 49.48.010 *et seq*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of the Federal False Claims action pursuant to 28 USC §1331 and 31 USC §3732(a), which specifically confers jurisdiction

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-1-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

on this Court for actions brought pursuant to 31 USC §3729 and §3730 where, as here, the Defendants transact business in this jurisdiction, including without limitation by hiring the Relator, a Washington resident. The Court has supplemental jurisdiction for Plaintiff's wrongful withholding claims under Washington law pursuant to 28 U.S.C. § 1367 and 31 USC § 3732(b).

7. This Court also has jurisdiction over this case under 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8. This Court also has jurisdiction over Defendants' violations of 18 USC §§ 1589 and 1590 for acts occurring overseas pursuant to 18 USC §1596's grant of extra-territorial jurisdiction.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) & (c) and § 1400(a) as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## THE PARTIES

10. Plaintiff Kyle Waterman is an individual residing in King County, Washington.

11. Defendant DynCorp International, Inc. ("DynCorp") is a Virginia corporation. DynCorp entered into a contract with the United States providing contingency support and other services for the United States military, including in Afghanistan.

12. Defendant Worldwide Recruiting & Staffing Services LLC is a wholly owned subsidiary of DynCorp, providing recruiting and staffing services to DynCorp.

13. DynCorp International FZ-LLC is a Dubai U.A.E. Free Zone company with its principal place of business located in the U.A.E. While DynCorp purported to subcontract some of its obligations and functions to DynCorp International FZ-LLC, the United States has a contract with DynCorp, not with DynCorp International FZ-LLC.

14. The Defendants at all times conspired with one another to commit the acts described herein.

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-2-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

15. Various other persons, unknown to Plaintiff at this time, conspired with the Defendants in violation of the laws alleged in this complaint. These co-conspirators engaged in conduct and made statements in furtherance of the conspiracy alleged herein.

16. Any reference herein to any action, transaction, or statement by a corporation means that the corporation engaged in such activity through its officers, directors, employees, agents, or representatives while representing the corporation.

17. Defendants are also liable for acts committed by companies acquired through merger, acquisition, or otherwise, in furtherance of the conspiracy.

18. Defendants and their co-conspirators sought to mask or conceal the conspiracy. At no time did the conspirators publicly admit that they were collaborating to commit the violations stated herein.

19. The United States could not discover, and could not have reasonably discovered the existence of the conspiracy and acts named herein prior to the efforts of the Relator, Kyle Waterman, to bring these unlawful acts to light.

## FACTUAL ALLEGATIONS

### DynCorp Lures Plaintiff To Afghanistan

20. In January 2013, Plaintiff Mr. Waterman was contacted by Worldwide Recruiting & Staffing Services LLC, regarding the prospect of leaving his prior position in Iraq to work for DynCorp. Mr. Waterman was given information which caused him to believe that he would be leaving for a DynCorp position with superior compensation and benefits.

21. The position at DynCorp was inferior to his prior position, and he never would have accepted the position or left his prior position had he not been misled.

22. In the course of luring Mr. Waterman away from his prior position, DynCorp promised in an email total pay of $150,360.00. DynCorp stated that 401K was available, and Mr. Waterman also understood that life and health benefits would be paid for, as they were at his prior employer. All of these statements ultimately were false.

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-3-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

23. Defendants represented to Mr. Waterman that he would receive leave every 90 days. Mr. Waterman was misled into believing that DynCorp adheres to industry norms and pays for a trip to home of record every 90 days.

24. Mr. Waterman was given a "conditional offer of employment" to sign in February 2013. Mr. Waterman asked DynCorp for a copy of a contract before he left Washington state. Rather than providing a contract *before* he left for Afghanistan, however, DynCorp did not present him with the terms and conditions of employment until after traveling to Afghanistan.

25. Mr. Waterman wrote to the recruiter and to DynCorp's Afghanistan personnel to confirm the terms of employment and the $150,360 salary on April 27, 2013. Neither Worldwide Recruiting & Staffing Services LLC nor DynCorp responded to correct or deny Mr. Waterman's understanding.

26. It was only after arriving in Afghanistan on May 3 that Mr. Waterman received a "Salary Break-Down" document which stated his pay ($145,131.84). It was only after arriving in Afghanistan that he was told he was entitled to only one company-paid round-trip flight to his Home of Record and one company-paid round-trip flight to Dubai.

27. When asked about the discrepancies between what was promised and what was the reality, DynCorp said words to the effect of, if people were told certain things about the DynCorp contract, they would not come to work in Afghanistan.

28. Mr. Waterman refused to sign this contract due to the many discrepancies regarding pay, 401K, paid flights and life insurance benefits. He was asked several times to sign the contract and several times he refused. Yet as the days wore on in Afghanistan, Mr. Waterman felt he had no choice but to sign the FSEA as presented. Though he disagreed with it, without signing the FSEA he could not receive his employee number, undergo training, record timesheets, or finish benefits paperwork.

29. Mr. Waterman found himself with no option but to sign the contract. He had been lured to a foreign country, induced to leave his former position, and now faced the prospect of paying thousands of dollars in travel expenses if he wanted to return home. In fact, he was told

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-4-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

that he would be held responsible for travel expenses — to and from Afghanistan — if he refused to sign. Representatives of DynCorp stated that they would investigate his allegations but Mr. Waterman first needed to sign the contract. Mr. Waterman signed and backdated the contract under duress.

30. The DynCorp ethics board conducted an investigation but disregarded evidence in order to find against Mr. Waterman.

31. The recruiter has been fired by Defendants.

32. Mr. Waterman had not been advised prior to arriving in Afghanistan that he would be personally liable for travel expenses to and from Afghanistan if he refused to sign his contract or if he left his contract before it was over. Once in Afghanistan, however, this factor prevented him from leaving the country without having to pay off this debt.

33. Mr. Waterman also was constrained in his ability to leave Afghanistan because he reasonably believed that DynCorp would jeopardize his security clearance. When an employee leaves a contractor, the contractor reports the reason for departure to the State Department. Mr. Waterman reasonably feared, based upon experience and knowledge of DynCorp, that DynCorp would make an adverse report to the State Department if he left before the conclusion of this contract. Mr. Waterman reasonably believed that this would jeopardize his security clearance and therefore his livelihood. When Mr. Waterman raised this concern with DynCorp, DynCorp did not assure him to the contrary.

### DynCorp Violates the FCA by Double Charging for Travel Expenses

34. DynCorp is required by contract with the United States to pay the expense of transporting contractors to and from the foreign theater. This is an obligation which the United States places on DynCorp in the course of bidding for the contract, in order to ensure fair treatment of labor.

35. According to the contract ("Statement of Work"), after 90 days employees are permitted to leave and the government would reimburse Defendants for the airline ticket.

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-5-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  Defendants are not authorized to change the terms of the Statement of Work. If a worker leaves
2  after 90 days, Defendants are supposed to pay for the worker's flight home.
3        36.    DynCorp, however, has threatened and/or actually charged some of its employees
4  for the costs of transporting them to and from the foreign theater.
5        37.    This was a factor in Mr. Waterman's being compelled to remain in Defendants'
6  employ. Yet the government already paid for the initial and return flight upfront in the contract's
7  "cost proposal."
8        38.    Upon information and belief, DynCorp has submitted claims for travel
9  reimbursement to the United States which were already paid or invoiced to the traveling
10 employee. DynCorp is accordingly double-charging the government for such travel expenses.

### DynCorp Violates the FCA by Improperly Submitting Other Charges

12       39.    DynCorp also is required by contract with the United States to pay for meals on
13 its on-base dining facilities ("DFAC") in Afghanistan. DynCorp charges the United States for
14 such meals, approximately $50/day.
15       40.    However, Defendants also allowed employees to take leave without pay (LWOP)
16 while remaining on the base in Afghanistan. This deprives the workers of pay which is owed.
17       41.    This practice also constitutes a false claim. Defendants charged the United States
18 for meals which were consumed by employees who were taking LWOP, i.e., employees who
19 were not working, and indeed were not supposed to be on the base at all.
20       42.    Previously employees of DynCorp in Afghanistan complained about this practice.
21 They were threatened with reduced pay, and therefore declined to pursue those complaints
22 further. This is one way DynCorp has prevented its violations of the False Claims Act from
23 coming to light.
24       43.    Defendants also did not provide post differential pay and danger pay as required
25 by the law for those who take LWOP in the foreign theater.
26

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-6-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

44. Mr. Waterman took LWOP in Kabul, Afghanistan, and was deprived of post differential pay, danger pay, and base pay during that time, in violation of law and DynCorp's contract.

### FIRST CAUSE OF ACTION
### FALSE CLAIMS ACT, 31 USC § 3729

45. Plaintiff realleges paragraphs 1 through 44, and they are incorporated herein by reference as if they were set forth in full.

46. Defendants knowingly presented or caused to be presented to the United States false or fraudulent claims for payment, which claims were false or fraudulent because Defendants then knew that they contained costs for step up payment terms or reimbursements that were not in fact paid to employees in violation of the False Claims Act, 31 USC § 3729.

47. As a result of Defendants knowingly presenting these false or fraudulent claims to the United States, the United States paid the claims and suffered damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, FORCED LABOR, 18 USC §§ 1589, 1595 *et seq.*

48. Plaintiff realleges paragraphs 1 through 47, and they are incorporated herein by reference as if they were set forth in full.

49. Defendants knowingly obtained Plaintiff's services using serious harm; threats of serious harm, including psychological, financial, or reputational harm; force; threats of force, and/or physical restraint.

50. Defendants knowingly obtained Plaintiff's services by their scheme, plan or pattern intended to cause Plaintiff to believe that, if he did not perform the labor or services Defendants requested, he would suffer serious harm or physical restraint.

51. Defendants knowingly obtained Plaintiff's services by means of the abuse or threatened abuse of the law or the legal process.

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-7-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

52. Defendants used force, threats and intimidation to require Plaintiff to perform labor and provide services to them without paying him the compensation required by law.

53. As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

54. Pursuant to 18 USC § 1595, Plaintiff is entitled to recover damages and reasonable attorneys' fees for Defendants' wrongful conduct.

### THIRD CAUSE OF ACTION
### TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, TRAFFICKING INTO SERVITUDE, 18 USC §§ 1590, 1595 *et seq.*

55. Plaintiff realleges paragraphs 1 through 54, and they are incorporated herein by reference as if they were set forth in full.

56. Defendants knowingly recruited, harbored, transported, provided, and obtained Plaintiff to provide labor and services to Defendants in violation of 18 USC § 1589.

57. As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

58. Pursuant to 18 USC § 1595, Plaintiff is entitled to recover damages and reasonable attorneys' fees for Defendants' wrongful conduct.

### FOURTH CAUSE OF ACTION
### WRONGFUL WITHHOLDING OF WAGES, RCW 49.48 *et seq* AND RCW 49.52 *et seq.*

59. Plaintiff realleges paragraphs 1 through 58, and they are incorporated herein by reference as if they were set forth in full.

60. As a result of the described conduct, Plaintiff's wages were wrongfully denied him in violation of RCW 49.48 *et seq* and RCW 49.52 *et seq.*

61. Defendants are liable for Plaintiff's lost wages, in addition to statutory double damages and attorneys' fees.

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-8-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants cease and desist from violating 31 USC §§ 3729 *et seq.*;

2. That the Court enter judgment against Defendants jointly and severally in an amount equal to three times the amount of damages that the United States has sustained by reason of their actions in violation of the Federal False Claims Act, as well as a civil penalty for each violation of 31 USC § 3729;

3. That Plaintiff be awarded the maximum amount allowed pursuant to 31 USC § 3730(d) of the Federal False Claims Act;

4. That Plaintiff be awarded the maximum amount allowed pursuant to 18 USC § 1595 of the Trafficking Victims Protection Reauthorization Act;

5. That Plaintiff be awarded the maximum amount of wages withheld by Defendants;

6. That Plaintiff be awarded reasonable attorney's fees in addition to any judgment award for employee compensation, pursuant to RCW 49.48.030, 49.60.030, equity, statute, court rule, or common law;

7. That Plaintiff be awarded pre- and post-judgment interest at the rate provided by law;

8. That Plaintiff be awarded all costs of this action, including attorney fees and expenses; and

9. For such other and further relief as the court deems just and equitable.

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-9-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

DATED this 2nd day of April, 2014.

        STOKES LAWRENCE, P.S.

        By: /s/ Mathew L. Harrington
            /s/ Theresa H. Wang
        Mathew L. Harrington (WSBA No. 33276)
        Theresa H. Wang (WSBA No. 39784)
        1420 Fifth Avenue, Suite 3000
        Seattle, Washington 98101
        Telephone: (206) 626-6000
        Facsimile: (206) 464-1496
        Emails: mlh@stokeslaw.com
                thw@stokeslaw.com
        Attorneys for Relator Kyle Waterman

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-10-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2014, I caused the foregoing Complaint to be:

☒ filed under seal with the U.S. District Court, Western District of Washington, Clerk's Office, 700 Stewart Street, Suite 2310, Seattle, Washington 98101.

☒ mailed by Federal Express and by certified United States mail, postage prepaid, to the following:

Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

☒ hand delivered to the following:

United States Attorney's Office
700 Stewart Street, Suite 5200
Seattle, WA 98101

Assigned Judge via Clerk's Office
U.S. District Court
Western District of Washington
700 Stewart Street, Suite 2310
Seattle, Washington 98101.

/s/Mathew L. Harrington
Mathew L. Harrington
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
(206) 626-6000
Fax: (206) 464-1496
mlh@stokeslaw.com

COMPLAINT - QUI TAM ACTION
52995-001 \ 760443.docx
-11-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000